CARLOS JATO, State Bar No. 282710
819 Eddy Street
San Francisco, CA 94109
Tel: 415.771.6174
Fax: 415.474.3748
E-mail: cgjato@jato-law.com

Attorney for Plaintiffs DAVID ANEAS, NICOLAS GOURDY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANEAS, NICOLAS GOURDY,<br><br>Plaintiff,<br>-vs-<br><br>SCOTT ARTHUR MCKINNEY, AGUSTIN ARRASTIO, SPY ROCK GARDENS LLC,<br><br>Defendants. | Case No. 3:23-cv-00674-SK<br><br>1ST AMENDED<br>COMPLAINT FOR DAMAGES |

1. Plaintiff, DAVID ANEAS, NICOLAS GOURDY, (hereinafter referred to as Plaintiffs) allege as follows against SCOTT ARTHUR MCKINNEY, AGUSTIN ARRASTIO, SPY ROCK GARDENS LLC (hereinafter “Defendants”):

**JURISDICTION AND VENUE**

2. Jurisdiction for this action arises from the Fair Labor Standard Act, 29 USC 203 et seq Plaintiffs.

3. In addition, this court has jurisdiction under 28 USC 1332 because the amount in controversy exceeds $75,000.00, Plaintiffs are citizens of Spain and Argentina and Defendants are citizens of the State of California.

**COMMON ALLEGATIONS TO ALL CAUSES OF ACTION**

4. Plaintiffs worked as cannabis trimmers in the job market of northern California through a job network and upon information and belief, each and every defendant engaged the

work of the plaintiffs and other cannabis trimmers with the belief that Plaintiffs would not be subject to or protected by the FLSA and the California Labor Code.

5. Defendants AGUSTIN ARRASTIO and SCOTT MCKINNEY operate cannabis growing operations in 8601, 8100 and 8250 Symmerly Rd. Laytonville, California. Upon information and belief, ARRASTIO and MCKINNEY operate their business under the California Limited Liability Company knowns as SPY ROCK GARDENTS LLC with an address in 8250 Symmerly Rd. Laytonville, California.

6. At all times relevant to this lawsuit ARRASTIO and MCKINNEY were owners, directors, officers, or managing agents of SPY ROCK GARDENS LLC and when reference is made to any act ARRASTIO, MCKINNEY or SPY ROCK GARDENS LLC such allegations shall mean that agents, employees or representatives of each and every one of these defendants authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business and did so while acting within the course and scope of its employment or agency. ARRASTIO, MCKINNEY and SPY ROCK GARDENS LLC did set all policies regarding the compensation of employees. Furthermore, Plaintiffs are informed and believe and thereupon further allege that Defendants are responsible for setting employment policy, have operational control of payroll and other employment practices and policies, including but not failing to set overtime pay policies, paystubs and record-keeping policies, meal and rest break policies and sick-leave policies. Defendants failed deliberately to pay the wages and provide the law-mandated wages and benefits as described in this complaint. Defendants did so as an attempt to increase the profits of their business in conscious disregard of plaintiffs' rights under the law upon the belief that Plaintiff would not receive the protection of the FLSA.

7. ANEAS and GOURDY worked for ARRASTIO, MCKINNEY and SPY ROCK GARDENS LLC primarily in the cannabis growing operation. ANEAS began working in 2020 and later GOURDY in 2022.

8. ANEAS began working for the defendants in the cannabis growing season of

2020. For the year of 2020, ANEAS worked an estimated minimum of 10 hours per day seven day per week for which he got paid a monthly salary of $4,500.00 each month for approximately 5 months of work. However, ANEAS did not receive his overtime premium pay despite it being owed to him. ANEAS estimates his overtime premium pay over by defendants for the year 2020 for 280 hours of overtime with an estimated base regular rate of $28.12[1]. Similarly, ANEAS estimates missing on average a total of 2 breaks per week through the 5 months of work in 2020 for a total of 40 missed meal breaks.

9. In 2021, ANEAS (who had started a different job in another farm) was contacted by MCKINNEY to work for the defendants on both the cannabis growing season 2021 and to assist in building 18 new greenhouses in the defendants' farms. MCKINNEY was very pleased with the work performed by ANEAS the preceding year. The labor to be performed in 2021 was much more extensive as compared to the 2020 season and to induce ANEAS to go back to work for defendants, MCKINNEY stated in a text message in February 25, 2021: "Ok. Well we have a job for 10k a month. Guaranteed. Paid every month. I know you have your situation set up, but I am just telling you cuz your first in line." With this promise, ANEAS left is other job and begun working for Defendants on or about March 2021 the following schedules: From the Beginning of March to the end of May plaintiff worked schedules both building the greenhouses planting, growing and grooming the crop in a daily schedule of 6am to 6pm everyday, seven days per week in average. In the period that goes from June to November, plaintiff worked daily schedules between 6am to 6:30pm and then at night between 9:30pm to 10:30pm in average 7 days per week. Finally, the month of December 2021 the daily work schedule was shorter, between 8am to 1pm in average seven days per week. Between March and December 2021, plaintiff estimates that he worked a total of 3454.5 hours. Defendants did provide lodging and either money for meals or groceries from a foodbank in addition to the cash payment of $10,000.00. Plaintiff was homeless and lived in part out of the cash payments made by defendants and out of his savings for the work

[1] $4,500.00 monthly salary divided by 160 monthly regular hours.

he performed for defendants in the year 2020. In addition, during the growing seasons of 2021, plaintiff estimates that he was not able to take full uninterrupted 30 minutes lunch breaks a total of 2 times per week or 80 times in the year 2021. Plaintiff was repeatedly promised by the defendants that he would be paid his wages the following year and os ANEAS continued working for defendants the following season with the expectation of being paid the overdue wages for the 2021 season. Based on the promise to be paid a salary of 10,000 per month, ANEAS should have received $100,000.00 in salary in 2021. Instead, he only received approximately $16,000.00.

10. In 2022, ANEAS worked with another laborer (Winston) between January and April and then with co-plaintiff GOURDY the remainder of the season. The workload was smaller compared to the prior year (the 18 greenhouses had been built the preceding year). For the 2022 season, ANEAS worked a similar schedule to that of co-plaintiff GOURDY and he estimates that he worked approximately 1300 hours between March and December 2022. Plaintiff should have been paid the promised $10,000.00 per month by Defendants but instead, defendants kept of deferring payment with promises of future payment and ANEAS had depleted by now his savings. Also, throughout the season 2022, defendants failed to fulfill their obligation to provide room and board (defendant would derelict bringing basic groceries to the farm from the local food bank for weeks and defendants also failed to provide hot water at the farm). When ANEAS complained about his salary being long overdue, he was paid a small amount in cash towards the owed wages with promises that he would be paid in full at the end of the season. Finally at the end of the 2022 season in a meeting with both defendants, ANEAS was given $2,000.00 and was told that he would not be paid any more money. To this day, between the months of January 2022 and September 2022, ANEAS was paid only $5,000.00 of the promised $90,000.00 in monthly salary.

11. GOURDY alleges that he met MCKINNEY on or about the week of April 22, 2022. GOURDY performed a week of work in late April 2022 which he got paid at the rate of $20/hr by the defendants. After GOURDY had performed his initial week of work for Defendants, MCKINNEY expressed his satisfaction for the work performed by GOURDY and

upon paying GOURDY for the work of the first week, MCKINNEY added that he wanted GOURDY to continue working for defendants and that GOURDY would be compensated for his future hours the same way ($20.00/hr). In reliance to this promise, GOURDY continued working and continued to keep track of his hours of work as instructed by MCKINNEY ( see attached hereto as exh “A”) . About two weeks later, not having received payment, GOURDY, expressed to MCKINNEY his concern for not being paid and MCKINNEY in response reassured GOURDY that he will get paid. MCKINNEY again asked GOURDY to keep the list of his hours worked as he would get paid. MCKINNEY stated that either GOURDY would be paid the agreed hourly rate or a more advantageous monthly salary. GOURDY was not told what the salary would be but he continued working and continued to keep track of his hours worked as he always understood to be an hourly employee. GOURDY who was yet to be paid and had raised concerns of defendants’ following through with their promise of payment, would bring to MCKINNEY’s attention his dissatisfaction for not being paid for his work. Every time GOURDY did complain he would be reassured by MCKINNEY that he would be paid for all his hours worked and that he (GOURDY) had to continue keeping track of his hours. GOURDY continued to keep track of his hours as instructed until the end of the season (see exhibit “A”). In one of the meetings, MCKINNEY paid the amount of $500.00 toward the back wages.

12. Eventually, at the end of the season in September 2022, defendants met with GOURDY and ANEAS to tell them that it was a “bad year” or words to that effect. However, plaintiffs saw the cannabis leaving the farm being sold and therefore they were convinced that Defendants were simply avoiding paying their wages. At this meeting, defendants gave ANEAS and GOURDY only a small portion of the wages owed for the work performed ($2,000.00 in cash). Defendants continued by explaining that defendants had decided to unilaterally change the compensation agreement and that they would offer to pay GOURDY and ANEAS a more lucrative percentage (a commission) on the sale of the cannabis. In response, GOURDY and

ANEAS which by now distrusted defendants,[2] turned down their offer to become partners and demanded their wages. In response, Defendants refused to pay the remaining wages. Following this exchange, GOURDY and ANEAS left the farm. GOURDY and ANEAS met with defendants once again in late November 2022. At the November 2022 meeting, defendants offered 10% of the crop as payment for Plaintiffs' work. Defendants explained that plaintiffs could do as they pleased with their 10%. Defendants explained that in this form of commission, plaintiffs would have to continue working for them by trimming the cannabis to take their share with them. Plaintiffs once again refused to become 10% recipients in the cannabis growing operation, did not take any of the cannabis with them and again demanded their wages. Upon refusal by the defendants to pay, plaintiffs left the defendants' farm. GOURDY is owed by defendant a total of 1269.5 hours of work (exh "A") inclusive of overtime at his agreed hourly rate of $20.00/hr. minus a credit of $2,500.00 that was paid to him towards his wages.

13. On occasions, ANEAS and GOURDY had no opportunity and were not authorized or permitted to take a 10-minute break or their 30-minutes off-duty lunch break this occurred in average two times per week or 72 missed meal breaks in 2022. Plaintiffs were not paid any premium pay for any of their missed meal breaks. By September 2022, ARRASTIO, MCKINNEY and SPY ROCK GARDENS LLC refused to pay plaintiffs their owed wages. MCKINNEY threatened ANEAS in order to dissuade him from seeking legal action to receive payment for his work.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT 28 USC 203 et seq.**

**(FAILURE TO PAY MINIMUM WAGE AND OVERTIME WAGES)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

14. Plaintiffs incorporate herein all of the allegations, averments and matters contained

[2] After repeated empty promises every month that plaintiffs would be paid their wages, reducing the hot water service at the farm, failing to bring food from the food bank etc.

in paragraphs 1-13 inclusive as if set forth at length herein i*n haec verba.*

15. The FLSA (29 USC 203 et seq.) provides the minimum standards of compensation for workers in the United States. By Defendants soliciting the work of the plaintiffs, they are engaged in commerce, in the production of goods for commerce, set labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States and foreign countries; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce. At least one defendant communicated with the plaintiff while he was out of state in conducting the cannabis operation using the telephone and the internet. Furthermore, upon information and belief, the cannabis that was grown by the enterprise of the defendants has crossed state lines into other states.

16. 29 USC 207 provides that no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. The FLSA also provides that no employee shall be employed without being compensated the minimum wage. Each and every defendant violated these provisions when they refused to compensate plaintiffs for their work at their cannabis operations.

17. Under 29 USC 2016 plaintiffs seek unpaid wages (at no less than the applicable minimum wage) and overtime wages plus an equal amount as liquidated damages and an award of reasonable attorneys fees and costs. Upon information and belief, there are dozens of workers who have suffered the same work conditions as alleged herein. Pursuant to 29 USC 216(b), plaintiffs will turn the allegations in this complaint into a collective action on behalf of other employees who are currently not a plaintiff by filing the requisite individual consents as provided under 29 USC 216(b).

**<u>SECOND CAUSE OF ACTION</u>**

**(VIOLATION OF CALIFORNIA LABOR CODE SEC. 226)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

18. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-13 inclusive as if set forth at length herein i*n haec verba*.

19. Labor Code Section 226 requires all employers to provide each employee at the time of the payment of wages with a detachable part of the check, draft or voucher paying the employees' wages which shows (1) total hours worked by the employee (2) all deductions made from wages (3) new wages earned (4) pay period beginning and end dates (5) employer's company legal name and address (6) all applicable hourly rates in effect during the pay period and number of hours the employee worked at each hourly rate or (7) How many days of sick leave an employee has available.

20. Defendants violated this Labor Code section because they failed to give plaintiffs their law mandated paystubs and injured plaintiffs and each of them who were not provided with a statement as described in the preceding paragraph such that Plaintiffs were unable to determine how much they were owed for their work. The failure described herein, includes but it is not limited to listing each and every hour of pay for each and every hour they missed their meal or rest break.

21. As a result of said violations of Labor Code Section 226, plaintiffs have suffered actual injury and are entitled to recover for those actual damages statutory penalties, as well as reasonable attorney's fees and costs.

**<u>THIRD CAUSE OF ACTION</u>**

**(FAILURE TO PAY OVERTIME WAGES PURSUANT TO CALIFORNIA LABOR CODE §510 and 1198)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

22. Plaintiffs incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 13 inclusive as if set forth at length herein in *haec verba*.

23. Defendants failed and refused to pay plaintiff's overtime due for time worked in excess of eight hours per day or on the 7th day of work.

24. Labor Code §1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

25. At all times relevant herein, the Industrial Welfare Commission Wage Orders and Labor Code 510 applied to the employment of plaintiff by defendants. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate of 1.5 times the regular rate for hours in excess of 8 per day or 40 per week, and for every hour on the seventh or more consecutive day of work, and 2.0 times the normal rate for hours worked over 12 or in excess of 8 on the seventh consecutive day of work.

26. Pursuant to Labor Code 1194(a), Plaintiff is entitled to recover his unpaid overtime premium plus reasonable attorney's fees and costs.

**FOURTH CAUSE OF ACTION**

**(FAILURE TO AFFORD BREAKS AND MEAL PERIODS - CALIFORNIA LABOR CODE § 226.7)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

27. Plaintiffs incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 13 inclusive as if set forth at length herein in *haec verba*.

28. Defendants routinely failed to provide Plaintiffs with a 30-minute unpaid meal period in the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation (but not less than minimum wage) for each workday that the meal period was not provided.

29. Defendants routinely failed to authorize and/or permit a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount of not less than one additional hour of pay at the regular rate of compensation (but not less than minimum wage) for each workday that the rest period was not provided.

30. Defendants' policy and practice of denying Plaintiff's meal and rest periods constitutes a willful violation of California Labor Code § 226.7. Plaintiffs have sustained damages as a direct and proximate consequence of the Defendant's willful and illegal conduct, to wit, they have been forced to work throughout the day, every day, without being allowed to take a meal period and a rest period.

**<u>FIFTH CAUSE OF ACTION</u>**

**(FAILURE TO PAY MINIMUM WAGES PURSUANT TO §510 and 1194)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

31. Plaintiffs re-allege and incorporate herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-13.

32. Defendants failed and refused to pay plaintiffs the agreed-upon wages for the regular hours they worked. This in turn also means that defendants failed to compensate plaintiffs for the California law mandated minimum wage at the time the work took place.

33. Labor Code §1197 provides that it is unlawful to employ persons without compensating them with the California minimum wage in effect at the time.

34. Pursuant to Labor Code 1194.2(a), Plaintiffs are entitled to recover the unpaid minimum wage, an equal amount of liquidated damages plus reasonable attorney's fees and costs.

**<u>SIXTH CAUSE OF ACTION</u>**

**(LATE PAYMENT OF WAGES PURSUANT LABOR CODE §201-203)**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO AND SPY ROCK GARDENS LLC**

35. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-34 inclusive as if set forth at length herein i*n haec verba.*

36. Defendants and each one of them willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours, pursuant to Labor Code Section 201.

37. Plaintiffs are entitled to thirty days of pay at the regular daily rate in addition to all other relief sought herein, pursuant to Labor Code Section 203.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE 558.1**

**GOURDY AND ANEAS AGAINST MCKINNEY, ARRASTIO**

38. Plaintiffs re-allege and incorporate herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-34.

39. Under Labor Code 558.1, each of the individual defendants were either an employer or acted on behalf of an employer in causing Labor Code sections 201-208, 226, 226.7, 510, 512, 558, 1194, 1198, 1197, 1194 to be violated.

40. MCKINNEY and ARRASTIO were officers, directors, managing agents and owners of the corporate defendant. at all relevant times. Each of them caused every violation of law alleged in this complaint to be violated.

**EIGHTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 *et seq.***

**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

41. Plaintiffs re-allege and incorporate herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-40.

42. Defendant's violations of Labor Code §201, §202, §203, §221, §224, 226, 226.7, 510, 1198, 2802, 29 USC 201 et seq., constitute unlawful, illegal and unfair business practices in violation of California Business and Professions Code §17200 et seq.

43. Pursuant to Business and Professions Code §17203, Plaintiff is entitled to

equitable restitution of all sums unlawfully denied to him. Plaintiff also seek an order requiring Defendants to disgorge all unlawful profits made as a result of the unfair/illegal business practices alleged herein, at least to the extent necessary to compensate them in full for monies owed to plaintiffs under the cited statutes.

44. Finally, plaintiffs seek an injunction against all defendants ordering each defendant to cease the unfair, deceitful and fraudulent practices alleged herein.

**WHEREFORE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES [EXCEPT THE EIGTH CAUSE OF ACTION] AND PRAY JUDGMENT AS FOLLOWS:**

1. Damages and penalties in the amount of $200,000.00

3. Interest on all sums awarded;

4. Costs of suit and Attorney's fees incurred;

5. Such other, and/or further relief as is just and proper.

Dated: March 27, 2023

CARLOS JATO, Attorney for Plaintiffs
DAVID ANEAS, NICOLAS GOURDY,