CARLOS JATO, State Bar No. 282710
819 Eddy Street
San Francisco, CA 94109
Tel: 415.771.6174
Fax: 415.474.3748
E-mail: cgjato@jato-law.com

Attorney for Plaintiffs DAVID ANEAS, NICOLAS GOURDY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANEAS, NICOLAS GOURDY, <br><br> Plaintiff, <br><br> -vs- <br><br> SCOTT ARTHUR MCKINNEY, AGUSTIN ARRASTIO, SPY ROCK GARDENS LLC, <br><br> Defendants. | Case No. 3:23-cv-00674-SK <br><br> NOTICE OF MOTION AND MOTION TO (1) SET ASIDE ORDER OF CONDITIONAL DISMISSAL (2) TO APPROVE THE PAGA SETTLEMENT PURSUANT TO CALIFORNIA LABOR CODE SEC. 2699 et seq. AND (3) SET CONFIRMATION HEARING <br><br> Date: December 18, 2023 <br> Time : 9:30am <br> Hon. Sallie Kim <br> Courtroom C, 15th Floor |

TO THE COURT, THE PARTIES AND THE LABOR WORKFORCE DEVELOPMENT AGENCY, YOU ARE HEREBY NOTIFIED THAT PLAINTIFFS DAVID ANEAS AND NICOLAS GOURDY (hereinafter referred collectively as Plaintiffs) jointly move this Court on December 18, 2023 at 9:30 a.m. or as soon thereafter as the matter can be heard in Courtroom C, 15th Floor of the above entitled Court (the Honorable Sallie Kim presiding) for an Order to (1) Set Aside the Order of Conditional Dismissal (2) Approve the PAGA Settlement and (3) set a Confirmation Hearing for late May 2024.

The Court is requested to approve the PAGA settlement reached by the parties which compares positively to other PAGA settlements approved by federal courts oof this State including this district. Furthermore, notice of this motion and PAGA settlement has been provided to the LWDA via their online process as shown in the accompanying proof of service.

Dated:  November 12, 2023

_____
CARLOS JATO, Attorney for Plaintiffs
DAVID ANEAS and NICOLAS GOURDY

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION:**

Plaintiffs are former employees of Defendants. The parties have reached a confidential settlement for the individual Claims plaintiffs. The settlement includes a settlement of the California Private Attorneys General Act. Cal. Labor Code §2699, et seq. ("PAGA") claim.

In accordance with California Labor Code §2699(1), Plaintiffs now seek this Court's approval of the penalties of the PAGA Cause of action. Under 2699(1) it is for the court to approve a settlement of a PAGA claim. As explained below, this is not a settlement of class action but only a settlement of a PAGA claim. The release does not release the individual claims of any employee other than the named plaintiffs. Cal. Labor Code §2699(g)(l); Iskansian v. CLS Transportation 59 Cal.4th 348, 381 (2014).

The Declaration of Carlos Jato, filed concurrently lists the terms of the PAGA settlement.

II. **FACTUAL BACKGROUND**

The Plaintiffs were employed by Defendants at defendants' cannabis farm. During their employment, each and every Plaintiff was misclassified as an independent contractor and required to farm, harvest, trim and clean the cannabis plants with working conditions that violated the FLSA and the California Labor Code.

The Plaintiffs filed a complaint with the Northern District of California on February 15, 2023 asserting eight causes of action seeking back wages and labor code penalties (causes of action 1 through 7) and a cause of action under PAGA (Jato dec. ¶6) seeking penalties on behalf of State of California. After exchanging the initial disclosures as modified by the court's local rule for employment cases the parties proceeded to mediation with Thomas Duckworth.

The mediation was conducted on September 27, 2023 (Id. at ¶7). All parties appeared in person at the mediation and a confidential settlement was reached at the mediation of the individual claims of the two named plaintiffs. A settlement was also reached of the 9th cause of action under PAGA (Id.).

The parties seek the approval of the PAGA settlement. However, following the settlement of the case, the court entered an order of dismissal of the action without prejudice [Docket 32] instructing the parties as follows:

> "if any party hereto shall certify to this Court within 60 days, with proof of service, that the agreed consideration for settlement has not been delivered over, the foregoing order shall stand vacated, and this case shall be restored to the calendar and set for trial." [Dkt 23 order of dismissal without prejudice]

In light of the court's order, plaintiffs certifies in this motion that the approval of the court is required to finalize the settlement of the case. Once the PAGA settlement is approved by the court, the case can be dismissed (Id. ¶9).

In summary, Plaintiffs respectfully request that the Court issue an order (1) vacating the dismissal of the complaint without prejudice (2) that an order approving the proposed PAGA settlement be issued and (3) that a compliance hearing in late May 2024 be scheduled by the Court.

**III.   THE PAGA SETTLEMENT**

The Settlement Agreement negotiated by the parties provides for a total PAGA payment of $5,000.00 with a total of only three aggrieved employees in the PAGA settlement period (Jato dec. ¶8(a).)

Plaintiffs request that the PAGA settlement proceeds be distributed as provided by the statute: Seventy-Five Percent (75%) paid to the LWDA totaling $3,750.00 and 25% paid to the three aggrieved employees (Winston Gongora, David Aneas and Nicolas Gourdy) amounting to $1,250.00 to be distributed based on the number their workweeks within the PAGA settlement period (Id. ¶8b-8c).

DEFENDANTS will provide to PLAINTIFF's counsel, the total number of workweeks for Winston Gongora, with his last-known mailing address in order for plaintiff's counsel to mail his PAGA settlement check to him. The payment will include a short statement that reads as follows: "Dear Mr. Winston Gonroga, you receive this payment as part of the Private Attorney General Act

Settlement reached in the action of Aneas et al v. Mckinney et al., Case No. 3:23-cv-00674-SK." (Id. ¶8d).

The disbursement of the funds will take place 10 days after defendants deliver the funds to Plaintiff's counsel on the effective date. The agreement defines the effective date as December 27, 2023 or the date of the Court approval of PLAINTIFFS' motion to approve the "PAGA" settlement, whichever is later. (Id. ¶8e).

Funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed for more than 120 days after issuance will be sent to the cy pres beneficiary Legal Aid at Work (180 Montgomery St. #600 San Francisco, CA). (Id. ¶8f).

The California Labor Workforce Development Agency ("LWDA") is being served with a copy of this motion and the Settlement Agreement through the online process as required by Labor Code § 2699(1) and therefore has notice of this PAGA settlement through this motion. (Id. ¶8f).

## IV.  THE PARTIES REQUEST APPROVAL OF THE SETTLEMENT OF THE PAGA CLAIM REPRESENTS A POSITIVE OUTCOME OF THE PAGA CAUSE OF ACTION

The $5,000.00 PAGA payment is fair and reasonable and therefore should be approved by the court. This PAGA payment compares favorably to the estimated amount of PAGA Penalties which Plaintiffs calculated as in the amount of $30,600.00 representing three potential PAGA penalties per worker per pay period (Id. ¶10). As a result, this Settlement and the PAGA Payment constitutes 16% of the estimated PAGA penalties for the Aggrieved Employees could obtain if the case proceeded to trial. This PAGA settlement to potential claims ratio is an excellent result and exceeds the recovery in similar PAGA cases involving similar claims as explained below.

Given Defendant's potential defenses to the claimed Labor Code violations at issue, and the risks and costs of continued litigation, Plaintiffs and their attorneys support this PAGA settlement. (Id.) The PAGA settlement was negotiated by experienced counsel at arm's length with the assistance of an experienced mediator (Id. at ¶7). The LWDA has been given notice of this motion and the decision of the LWDA to accept the PAGA settlement and not oppose the

5

motion should be given considerable weight. This is not a situation where the Court needs to be concerned about the rights of absent class member because this is not a class action. PAGA settlement requires none of the various findings required by Rule 23 or CCP, § 382 and case law. Indeed, the entire pre-settlement judicial process and Court involvement in class actions is essentially missing in PAGA cases. For example, there is no certification process or order, which frequently dominates most of the pre-settlement life of a typical class action. However, while in PAGA settlements there are no class members,[1] The LWDA is a beneficiary to the settlement and as part of this approval process the LWDA is given an opportunity to raise any objections to the settlement.

However, the amount of the PAGA Penalties reached in this case greatly exceeds the amounts that have been approved by district courts in other cases. Just for sake of comparison, in *Chu v. Wells Fargo Investments, LLC*, No. C 2011 WL 672645, at * 1 (N.D.Cal. Feb. 16, 2011) the court approved a PAGA settlement payment of $7,500 to the LWDA to be distributed for as many as 2,754 class members. Similarly, in *Franco v. Ruiz Food Products, Inc.,* 2012 WL5941801 (E.D. Cal. 2012), the court approved a total PAGA penalty amount of $10,000.00 with the $2500 employee portion divided between as many as 2,055 current and former employees. In *Schiller v. David's Bridal, Inc.* 2012 WL2117001 (E.D. Cal. 2012), the court also approved a PAGA penalty amount of $10,000 with the $2500 employee portion divided between as many as 3,326 individuals. Here, the parties have agreed to a PAGA payment of $5,000.00 with the 25% employees' share ($1,250.00) payable to 3 aggrieved employees based upon their number of pay periods during the PAGA settlement period. This is, in comparison, a very positive outcome for the PAGA cause of action.

### V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court reverts the order dismissing the case without prejudice, (2) approve the PAGA settlement and the breakdown of payments as

---

[1] The settlement does not release the individual Claims of absent employees other than the claims of the named Plaintiffs.

1 detailed in the agreement of the parties, and (3) Schedules a confirmation hearing in late May
2 2024 to confirm distribution of the amounts.

3 Dated:  November 12, 2023

_____
CARLOS JATO, Attorney for Plaintiff
NICOLAS GOURDY and DAVID ANEAS

## PROOF OF SERVICE

My business address is 819 Eddy St. San Francisco, California 94109. I am employed in the County and City of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within case.

On 11/13/23, following ordinary business practice, I caused to have served the foregoing document(s) described as:

NOTICE OF MOTION AND MOTION TO (1) SET ASIDE ORDER OF CONDITIONAL DISMISSAL (2) TO APPROVE THE PAGA SETTLEMENT PURSUANT TO CALIFORNIA LABOR CODE SEC. 2699 et seq. AND (3) SET CONFIRMATION HEARING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CARLOS JATO.

On the parties listed below:

| | |
|---|---|
| Frank Zeccola frank.zeccola@costanzo-law.com | |
| Labor Workforce Development Agency<br><br>By transmiting a copy of the entire motion electronically on the day in this proof of service through the agency's portal at<br><br>https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html | |

(x)   (VIA ELECTRONIC SERVICE) by transmitting electronically via email the document(s) listed above to the recipient(s) set forth above (or as stated in the attached service list) on this date.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on 11/13/23.

Dated:  November 12 2023

_____
CARLOS JATO

8